# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| EDIBLE INTERNATIONAL, LLC and Edible IP, LLC<br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>GOOGLE, LLC,<br>　　　　Defendant. | No. 3:18-cv-00216 (MPS) |

**RULING ON GOOGLE'S MOTION FOR A PRELIMINARY INJUNCTION AND CONTEMPT ORDER**

Defendant Google, LLC ("Google") has filed a motion for preliminary injunction and order of contempt against Plaintiff Edible IP, LLC ("Edible IP"). ECF No. 46. Arguing that Edible IP's recent filing of a new lawsuit against Google in Georgia state court has flouted my earlier order in this case granting Google's motion to compel arbitration, Google seeks to stop Edible IP from prosecuting the Georgia action. *Id*. Primarily because the requested relief is barred by the Anti-Injunction Act, 28 U.S. C. § 2283, I deny Google's motion.

**I.    Background**

Because the parties have requested an expedited ruling in this matter, I assume the parties' familiarity with the complaint, briefing, and previous rulings in this case, and I set forth only the facts, procedural history, and legal standards necessary to explain this ruling.

On February 2, 2018, Plaintiffs Edible International, LLC and Edible IP brought this suit against Google, alleging violations of the Lanham Act and Connecticut law. ECF No. 1. Google filed a motion to compel arbitration and dismiss the action. ECF No. 28. On July 13, 2018, the Court granted Google's motion to compel arbitration, but declined to dismiss the case, instead staying and administratively closing it pending the arbitration. ECF No. 37 at 2. On December 21, 2018, one of the Plaintiffs, Edible IP, filed suit against Google in the Superior Court of

1

Georgia alleging violations of Georgia law (the "Georgia Action"). ECF No. 39-1. On January 11, 2019, Google filed an emergency motion to reopen this action and, after I reopened the case, filed a motion seeking a preliminary injunction and contempt order. ECF No. 46.

**II.    Discussion**

Google argues that Edible IP's claims in the Georgia Action "are based on the same allegations as those asserted before this Court and [therefore] subject to arbitration." ECF No. 47 at 7. Accordingly, Google requests an order "(i) enjoining Edible IP from continuing to prosecute the Georgia Action, (ii) enjoining Plaintiffs Edible International, LLC and Edible IP from filing additional lawsuits based on claims covered by the Court's July 13, 2018 order, (iii) finding that Edible IP is in contempt of this Court's July 13, 2018 order, and (iv) requiring Edible IP to cover Google's expenses, including attorneys' fees and costs, associated with the Georgia Action, unless Edible IP dismisses the Georgia Action." ECF No. 46 at 2. As to the first request for relief, however, I conclude that the Anti-Injunction Act prohibits an injunction preventing Edible IP from prosecuting the Georgia Action.

**A.  Anti-Injunction Act**

The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Because "the statutory prohibition against such injunctions in part rests on the fundamental constitutional independence of the States and their courts, the exceptions should not be enlarged by loose statutory construction." *Atlantic Coast Line R. Co. v. Bhd. of Locomotive Engineers*, 398 U.S. 281, 287 (1970). Here, only the latter two exceptions are at issue, as Google does not argue that the requested injunction is "expressly authorized" by Congress. *See* ECF No.

47 at 8 (arguing that an injunction is proper under the Anti-Injunction Act's exceptions for injunctions that are "necessary in aid of [the Court's] jurisdiction, or to protect or effectuate [the Court's] judgments").

### i. "Protect or Effectuate [the Court's] Judgment": The Re-Litigation Exception

"The relitigation exception was designed to permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court. It is founded in the well-recognized concepts of *res judicata* and collateral estoppel." *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 147 (1988).[1] For this exception to apply, "the issue the federal court decided must be the same as the one presented in the state tribunal." *Smith v. Bayer Corp.*, 564 U.S. 299, 307 (2011). "[A]n essential prerequisite for applying the relitigation exception is that the claims or issues which the federal injunction insulates from litigation in state proceedings *actually have been decided by the federal court*." *Chick Kam Choo*, 486 U.S. at 148 (emphasis added). "Moreover, . . . this prerequisite is strict and narrow. The [Supreme] Court [in an earlier decision] assessed the precise state of the record and what the earlier federal order *actually* said; it did not permit the District Court to render a *post hoc* judgment as to what the order was i*ntended* to say." *Id.* (emphasis in original).

The analysis of the relitigation exception takes place against the background understanding that "[d]eciding whether and how prior litigation has preclusive effect is usually the bailiwick of the *second* court." *Smith*, 564 U.S. at 307. "For that reason, every benefit of the

---

[1] Strictly speaking, neither res judicata – sometimes called "claim preclusion" – nor collateral estoppel – sometimes called "issue preclusion" – applies in this case, because this Court has not entered a final judgment, which is a precondition to the application of these preclusion doctrines. *See Leather v. Eyck*, 180 F.3d 420, 424 (2d Cir. 1999) (noting that final judgment is required for claim preclusion and issue preclusion). Neither party has raised this point, however, and so I assume that the same principles that govern the relitigation exception when there has been a final judgment also apply in this situation.

3

doubt goes toward the state court" and "an injunction can issue only if preclusion is clear beyond peradventure." *Id*.

I decided a single issue in the ruling granting Google's motion to compel arbitration, namely, whether the allegations in this case fell within the scope of the broad arbitration clause in the pertinent agreement. *See* ECF No. 37 at 5-7 (addressing "[t]he plaintiffs' sole argument in opposition to the defendant's motion to compel arbitration," which "aver[red] that arbitration should not be compelled because their claims fall outside the scope of the arbitration clause."). It is unclear that the Georgia state court will need to reach that issue—even if the factual allegations in the Georgia Action are substantially identical to those here, as Google contends. Assuming Google raises the Federal Arbitration Act in the Georgia Action, the Georgia court will first need to decide a threshold issue that I was not asked to decide, i.e., whether Edible IP, one of two plaintiffs here but the only plaintiff in the Georgia action, is bound by the relevant arbitration agreement. *Schnabel v. Trilegiant Corp.*, 697 F.3d 110, 118 (2d Cir. 2012) ("The threshold question facing any court considering a motion to compel arbitration is therefore whether the parties have indeed agreed to arbitrate," i.e. "the question of whether such an agreement exists" between the parties involved). If the Georgia court finds that Edible IP is not so bound, it will have no occasion to address the issue I decided regarding the scope of the arbitration agreement.

Edible IP has alleged in the Georgia Action that it is not a party to any agreement with Google, let alone an arbitration agreement. ECF No. 39-1 at 17 ("Edible IP has never entered into any contract with Google of any kind. . . No entity that participates as a customer or advertiser in any google program has the right to contract on behalf of Edible IP or waive any of Edible IP's rights."). It made no similar assertion in resisting Google's motion to compel

4

arbitration before me, and I did not address such an assertion.[2] Edible IP argues that it had no reason to raise that point because its co-plaintiff, Edible International, <u>was</u> a party to the arbitration agreement with Google. I agree that there would have been little point in resisting arbitration on a ground that would have applied to only one of two related plaintiffs, both of whom were making identical claims. Consequently, it cannot be said "beyond peradventure" that "the issue the federal court decided [is] the same as the one presented in the state tribunal." *Smith*, 564 U.S. at 307.[3]

Google nonetheless makes three arguments to support its contention that the Georgia Action presents the same question already decided by this Court: (1) Edible IP is bound by the law of the case, ECF No. 47 at 15; (2) Edible IP has judicially admitted that it is bound by the arbitration agreement, *id.* at 16; and (3) Edible IP is bound by the arbitration agreement in any event, *id.* at 17. I address each argument in turn.

First, Google argues that the law of the case "precludes Edible IP from making a contrary argument" because this Court has already "found that an arbitration agreement exists between

---

[2] The "Background" section of my ruling on the motion to compel states both that "plaintiff Edible International, Inc. opened an advertising account with [Google]" and that "[t]he plaintiff**s** agreed to [Google's] updated Terms and Conditions." ECF No. 37 at 3 (emphasis added). The latter statement, however, cites paragraph 6 of a declaration submitted by a Google employee stating that, according to Google's records, "Edible Arrangements International, Inc. . . . agreed to the current version of the Terms and Conditions. . . ." ECF No. 30 at ¶ 6. Thus, the evidence I relied on in support of my ruling on the motion to compel suggested only that Edible International – and not Edible IP – was a party to the arbitration agreement with Google.

[3] This circumstance distinguishes the cases relied on by Google, in which federal courts enjoined the prosecution of ongoing state court actions that raised the same issues of arbitrability actually decided by the federal courts. *See, e.g.*, *Emilio v. Sprint Spectrum, L.P.*, 315 Fed. Appx. 322, 325 (2d Cir. 2009) ("Because the district court was issuing an order compelling arbitration and Sprint was seeking a motion in state court to enjoin Emilio to dismiss his arbitration claims, the district court correctly concluded that an injunction was necessary in order to protect its order."). Unlike this case, cases like *Emilio* do not involve preclusion issues at all, but, instead, mirror-image, simultaneous races to the courthouse in which one court determines that the same claims in both actions must be arbitrated and, therefore, enjoins all litigation involving those claims.

Google and Edible IP." ECF No. 47 at 15. The law of the case doctrine "counsels a court against revisiting its prior rulings in subsequent stages of the same case absent cogent and compelling reasons." *Ali v. Mukasey*, 529 F.3d 478, 490 (2d Cir. 2008) (internal quotation marks omitted). But this doctrine is not applicable at all where the Court was never "squarely presented with the question." *Stichting Ter Behartiging Van de Belangen Van Oudaandeelhouders In Het Kapitaal Van Saybolt Intl. B.V. v. Schreiber*, 407 F.3d 34, 44 (2d Cir. 2005); *see also Quern v. Jordan*, 440 U.S. 332, 348 n.18 (1979) ("The doctrine of law of the case comes into play only with respect to issues previously determined."). As shown, I did not decide whether Edible IP was independently bound by an arbitration agreement between Google and Edible International, as Edible IP did not raise that issue in resisting arbitration and there would have been little reason to do so under the circumstances. Thus, I was not "squarely presented" with the separate question of whether Edible IP would have been bound by an arbitration agreement between Edible International and Google if it had brought an action on its own.[4] Thus, to the extent that the law of the case doctrine carries the same weight as the doctrine of issue preclusion would in this context, *but see* note 1, *supra*, its application here would not overcome the Anti-Injunction Act because, as in the case of issue preclusion, the identity of issues element is missing.

Google next argues that Edible IP is "barred from arguing that it is not bound by an arbitration agreement with Google by the doctrine of judicial admissions." ECF No. 47 at 16. "Facts admitted by a party are judicial admissions that bind that party throughout the litigation." *Hoodho v. Holder*, 558 F.3d 184, 191 (2d Cir. 2009) (internal quotation marks, citation, and alterations omitted). "Judicial admissions must be clear and unambiguous admissions of fact."

---

[4] My ruling noted that the Terms and Conditions in the contract between Edible International and Google referred to "claims brought by or against . . . Advertiser, the respective affiliates and parent companies of . . . Advertiser." ECF No. 37 at 4. Nonetheless, I did not decide whether this language independently bound Edible IP to arbitrate claims against Google.

6

*Hausler v. JP Morgan Chase Bank, N.A.*, 127 F. Supp. 3d 17, 37 (S.D.N.Y. 2015) (internal quotation marks, citations, and alterations omitted). In this case, Google argues that Edible IP admitted it was bound to an arbitration agreement because, in its brief in opposition to the motion to compel arbitration, it "defined 'Edible Arrangements' as referring to **both** 'Edible International, LLC and Edible IP, LLC' collectively," and "then went on to repeatedly acknowledge that 'Edible Arrangements' (i.e. Edible International *and* Edible IP) had accepted Google's agreement." ECF No. 47 at 16. But that sort of definitional shorthand falls short of a "clear and unambiguous admission[] of fact," especially in light of the factual information in the record, *see* note 2, *supra*, and in an action brought jointly by two plaintiffs in which there was little reason to raise defenses to arbitrability that would apply to only one of them.

Finally, Google argues that Edible IP is bound to arbitrate because "Edible International was acting as Edible IP's agent" when it entered into the arbitration agreement, "and thus bound Edible IP." ECF No. 47 at 17. Specifically, it argues that "when Edible International, Edible IP's co-plaintiff and licensee, agreed to the Terms as a 'Customer,' it represented and warranted that Edible IP would be bound by Google's Terms as an 'Advertiser.'" ECF No. 47 at 17. But no one raised this issue in connection with the motion to compel arbitration, and I did not address it. Thus, the question of whether Edible International's agreement binds Edible IP is for the Georgia Court to decide, assuming it is raised there.

In this case, preclusion is far from "clear beyond peradventure," *Smith*, 564 U.S. at 307, and thus the relitigation exception to the Anti-Injunction Act does not apply.

### ii. "In Aid of Jurisdiction" Exception

The in aid of jurisdiction exception applies "where the effect of a state court proceeding would be to defeat or impair the jurisdiction of the federal court." *Wyly v. Weiss*, 697 F.3d 131,

7

137 (2d Cir. 2012) (internal quotation marks, citation, and alteration omitted). Historically, this exception "was seen as expressing the 'well settled rule that if an action is *in rem* the court first obtaining jurisdiction over the *res* could enjoin suits in other courts involving the same *res*.'" *U.S. v. Schurkman*, 728 F.3d 129, 136 (2d Cir. 2013) (quoting Wright & Miller, Federal Practice & Procedure § 4225 (3d ed.)). Google does not argue that this case involves in rem jurisdiction, but argues that "neither the statute nor *Schurkman* creates such a restriction [to cases based on *in rem* jurisdiction]." ECF No. 47 at 5. The Second Circuit was clear in *Schurkman*, however, that "the in aid of jurisdiction exception generally applies only where necessary to protect a federal court's jurisdiction over a *res*," *Schurkman*, 728 F.3d at 137 (internal quotation marks omitted). This reaffirmed a prior Second Circuit decision explaining that the exception is "generally reserved for state court actions *in rem*." *Wyly*, 697 F.3d at 137.

Although the "Supreme Court has never held that a district court may enjoin a parallel *in personam* action under the 'in aid of jurisdiction' exception," *id*. at 138, the Second Circuit permits a federal court to enjoin an *in personam* action in "exceptional circumstances," *Schurkman*, 728 F.3d at 137. For instance, the Second Circuit permitted an injunction in *In re Baldwin-United Corp.*, explaining that "the jurisdiction of a multidistrict court is analogous to that of a court in an in rem action." *In re Baldwin-United Corp.*, 770 F.2d 328, 337 (2d Cir. 1985) (internal quotation marks omitted). The *Baldwin-United* litigation "consist[ed] of consolidated multidistrict class actions which, following two years of settlement negotiations brokered by the district court, was in the final stages of settlement at the time the state court suit is filed." *Schurkman*, 728 F.3d at 138. In that case, "the need to enjoin conflicting state proceedings [arose] because the jurisdiction of a multidistrict court is analogous to that of a court in an in rem action . . . where it is intolerable to have conflicting orders from different courts."

8

*Baldwin-United*, 770 F.2d at 337. This case is easily distinguishable as a single-district, non-class action. As such, there is no reason to depart from "the general rule that an *in personam* state court action may not be enjoined merely because it is duplicative of, or conflicts with, a prior federal judgment." *Schurkman*, 728 F.3d at 138.

Google's request for a preliminary injunction enjoining Edible IP from prosecuting the Georgia Action is therefore DENIED.

\* \* \*

In light of this disposition, the Court need not review Google's additional argument that the claims in the Georgia Action are "based on the same allegations as those asserted before this Court." ECF No. 47 at 7.

### B. Future Lawsuits

Google's request to enjoin Edible IP and Edible International from "filing additional lawsuits based on claims that 'arise out of or relate in any way' to Google's advertising programs and services," ECF No. 47 at 24-25, is DENIED, because, apart from Anti-Injunction Act concerns, Google can show no irreparable harm from lawsuits that have not been and may never be filed.

### C. Contempt Order

Google further seeks an order finding Edible IP in contempt. ECF No. 47 at 25-27. It notes that such a finding requires a three-part showing: "(1) the existence of a clear and unambiguous order; (2) clear and convincing proof of noncompliance, and (3) a party's lack of reasonable diligence in complying with the order." ECF No. 47 at 25; *see also Weston Capital Advisors, Inc. v. PT Bank Mutiara, Tbk*, 738 Fed. Appx. 19, 21–22 (2d Cir. 2018). Google has not established any of these requirements.

First, for reasons discussed in detail above, this Court did not issue a "clear and unambiguous" order finding that Edible IP alone must arbitrate all claims against Google that arise out of or relate in any way to Google's advertising programs or services. Nor did it issue a "clear and unambiguous" order about the claims in the Georgia Action, which, whatever may be said about their factual overlap with this case, are plainly based on different legal theories. Rather, the Court held only that the allegations in this case, brought by both plaintiffs, fell within the scope of the broad arbitration clause in the pertinent agreement. *See* ECF No. 37 at 5-7. For similar reasons, Google has not demonstrated "clear and convincing proof of noncompliance" or a "lack of reasonable diligence in complying with the [Court's] order." Accordingly, Google's requests for a contempt order and litigation expenses stemming from the Georgia Action are DENIED.

### III. Conclusion

For the reasons set forth above, Google's motion, ECF No. 46, is DENIED.

IT IS SO ORDERED.

/s/  MICHAEL P. SHEA

Michael P. Shea, U.S.D.J.

Dated:    Hartford, Connecticut
          March 5, 2019